## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

PRINCE FULTON                                          CIVIL ACTION

VERSUS                                                 NO.  10-1504

LYNN COOPER (WARDEN)                                   SECTION "R"(2)


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.      STATE COURT PROCEDURAL BACKGROUND

The petitioner, Prince Fulton, is incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  Fulton was charged on May 21, 1999, in St. Tammany Parish by bill of information with the simple burglary of an automobile.[3]  The bill of information was amended on September 20, 1999, to charge Fulton with a second count of simple burglary of an automobile.[4]  Fulton pled guilty to both counts on January 12, 2000.[5]  He also entered pleas of guilty to two multiple offender bills charging him as a second offender on each count.[6]  The state trial court sentenced him as a second offender to serve 24 years in prison on count one and six years in prison on count two, to run consecutively to each other and concurrently with a six-month misdemeanor sentence imposed against him in another case.[7]

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 2, Bill of Information, 5/21/99.

[4]Id, as amended 9/20/99; St. Rec. Vol. 1 of 2, Minute Entry, 9/20/99.

[5]St. Rec. Vol. 1 of 2, Plea Minutes, 1/12/00; Plea Transcript, 1/12/00.

[6]St. Rec. Vol. 1 of 2, Plea Minutes, 1/12/00; Plea Transcript, 1/12/00; St. Rec. Vol. 1 of 2, Multiple Bill (Count 1), 1/12/00; Multiple Bill (Count 2), 1/12/00.

[7]St. Rec. Vol. 1 of 2, Plea Minutes, 1/12/00; Plea Transcript, 1/12/00.

Fulton's conviction became final five days later, on January 20, 2000, because he did not file a notice of appeal or seek reconsideration of his sentence.[8]  Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays are not included in the calculation of period when it would be the last day of the period or when the period is less than seven days).[9]

More than two years later, on April 9, 2002, Fulton submitted to the state trial court a pleading entitled "Extraordinary Writ and/or Motion to Amend or Modify an Illegal Unconstitutional Multiple Bill Adjudication Sentence," challenging the legality of the multiple offender proceeding and sentences.[10]  The state trial court denied the

---

[8]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At that time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing a notice of appeal.

[9]Under Louisiana law, weekends and Dr. Martin Luther King's Birthday, which was January 17, 2000, are legal holidays.  La. Rev. Stat. Ann. § 1:55.

[10]St. Rec. Vol. 1 of 2, Extraordinary Writ and/or Motion to Amend, 6/17/02 (dated 4/9/02).

motion on November 15, 2002, finding the motion without merit and the multiple offender proceedings and sentence proper.[11]

The Louisiana First Circuit Court of Appeal denied Fulton's subsequent writ application on January 27, 2003.[12]  The court held that the challenge to the habitual offender adjudication was not a proper ground for post-conviction relief, citing State v. Beard, 708 So.2d 1291 (La. App. 4th Cir. 1998).  Fulton did not seek review of this order in the Louisiana Supreme Court.  He did, however, file two other writ applications in the Louisiana First Circuit which were related to this same issue and denied on April 22, 2003, and September 8, 2003, respectively.[13]

Six months later, on April 6, 2004, Fulton submitted a motion to vacate or correct his multiple offender sentences.[14]  The state trial court noted that the claims had already been considered in its prior order and denied the motion for the same reasons cited in its November 15, 2002, order.[15]

_____

[11]St. Rec. Vol. 1 of 2, Judgment with Reasons, issued 11/15/02, filed 11/19/02.

[12]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2002-KW-2709, 1/27/03.

[13]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2003-KW-0499, 4/22/03; 1st Cir. Order, 2003-KW-1683, 9/8/03.

[14]St. Rec. Vol. 1 of 2, Application for Motion to Vacate and Correct an Illegal Sentence, 4/12/04 (dated 4/6/04).

[15]St. Rec. Vol. 1 of 2, Reasons for Judgment and Judgment, 5/6/04.

On July 13, 2004, Fulton submitted to the state trial court another motion to correct his sentences.[16]  The state trial court denied the motion on July 28, 2004, referring again to its prior orders denying his similar motions.[17]

The Louisiana First Circuit denied Fulton's related writ application without stated reasons on October 18, 2004.[18]  The Louisiana Supreme Court also denied his related writ application on November 29, 2005, citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995), State v. Parker, 711 So.2d 694 (La. 1998), La. Code Crim. P. art. 930.3, and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[19]

Almost three years later, on November 18, 2008, Fulton submitted to the state trial court a pleading entitled "Correction of Illegal Sentence" challenging his habitual

---

[16]St. Rec. Vol. 1 of 2, Motion to Correct an Illegally Lenient Sentence, 7/21/04.

[17]St. Rec. Vol. 1 of 2, Trial Court Order, 7/28/04.

[18]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2004-KW-1863, 10/18/2004; St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2004-KW-1863, 8/20/04 (dated 8/17/04).

[19]State ex rel. Fulton v. State, 916 So.2d 154 (La. 2005); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2004-KH-3167, 11/29/05; La. S. Ct. Writ Application, 04-KH-3167, 12/21/04 (dated 11/11/04). In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness. In Parker, the Louisiana Supreme Court held that the limitation period under Article 930.8, preempts the language in La. Code Crim. P. art. 882 dealing with the timing of a motion to correct illegal sentence. In State ex rel. Melinie, the Louisiana Supreme Court, relying on La. Code Crim. P. art. 930.3, held that claims of errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

offender adjudication and sentences.[20]  The state trial court denied relief, because it had already denied the claims for the reasons set forth in its prior orders.[21]

The Louisiana First Circuit denied Fulton's subsequent writ application without stated reasons on May 28, 2009.[22]  Fulton thereafter submitted a writ application to the Louisiana Supreme Court on June 18, 2009.[23]

While this writ application was pending, Fulton filed another motion to correct his sentence with the state trial court.[24]  The court again denied the motion citing its prior orders.[25]  The Louisiana First Circuit also denied his related writ application on March 15, 2010.[26]

Shortly thereafter, on April 9, 2010, the Louisiana Supreme Court denied Fulton's pending writ application citing La. Code Crim. P. art. 930.8, State ex rel. Glover, 660

---

[20]St. Rec. Vol. 1 of 2, Correction of Illegal Sentence, 12/4/08 (dated 11/18/08).

[21]St. Rec. Vol. 1 of 2, Reasons for Judgment and Judgment, signed 1/27/09, filed 1/28/09.

[22]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2009-KW-0399, 5/28/09; St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2009-KW-0399, 2/23/09.

[23]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 09-KH-1452, 7/2/09 (postal metered and dated 6/18/09).

[24]St. Rec. Vol. 1 of 2, Motion to Correct an Illegal Sentence, 11/2/09 (dated 10/27/09).

[25]St. Rec. Vol. 1 of 2, Reasons for Judgment and Judgment, 12/16/09.

[26]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2010-KW-0050, 3/15/10; St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2010-KW-0050, 1/7/10.

So.2d at 1189, <u>State v. Parker</u>, 711 So.2d at 694, La. Code Crim. P. art. 930.3, and <u>State ex rel. Melinie</u>, 665 So.2d at 1172.[27]

## II.   FEDERAL HABEAS PETITION

On May 17, 2010, the clerk of this court filed Fulton's petition for federal habeas corpus relief in which he alleges that he was denied his constitutional rights to due process, equal protection and access to the courts, because the Louisiana Supreme Court refused review of his claim as untimely under La. Code Crim. P. art. 930.8.[28]   The State filed an answer and memorandum in opposition to the petition, arguing that Fulton's federal petition was not timely filed and that claim has not been exhausted through the state courts.[29]

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.   The AEDPA went into effect on April 24, 1996[30] and

---

[27]<u>State ex rel. Fulton v. State</u>, 31 So.3d 382 (La. 2010); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2009-KH-1452, 4/9/10.

[28]Rec. Doc. No. 1.

[29]Rec. Doc. Nos. 9, 10.

[30]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. <u>United States v. Sherrod</u>, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Fulton's petition, which, for reasons discussed below, is deemed filed in this federal court on May 3, 2010.[31]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State correctly argues that Fulton has not exhausted state court remedies with regard to his claim.  However, the State also correctly argues and I find that Fulton's petition was not timely filed in this court and should be dismissed for that reason, without requiring the vain and useless step of state court exhaustion.

---

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Fulton's petition was filed by the clerk of this court on May 17, 2010, when the filing fee was received.  Fulton's signature on his petition was dated May 3, 2010.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing.  The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition.  See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final.[32]   <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Fulton's conviction was final on January 20, 2000, when he did not pursue review of his sentence or conviction.  <u>See</u> <u>Cousin</u>, 310 F.3d at 845.

Thus, under a literal application of the statute, Fulton had one year from the date his conviction became final, or until January 19, 2001, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[32]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

9

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Fulton has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  See Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when

10

defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  Duncan, 533 U.S. at 175-178.

11

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

12

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" <u>Carey v. Saffold</u>, 536 U.S. 214, 219-20 (2002); <u>Williams</u>, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).  Requests for document and transcript copies, like those filed by this petitioner, are not other collateral review for purposes of the tolling calculation. <u>Osborne v. Boone</u>, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other

collateral review" for tolling purposes);  Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000);  Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA limitations period began to run in Fulton's case on January 21, 2000, the day after his conviction became final. The limitations period ran uninterrupted for 365 days, until January 19, 2001, when it expired.  Fulton had no properly filed state post-conviction or other collateral review proceedings pending during that time period.[33]  In addition to this one-year period of time, Fulton allowed another 1,766 days, or almost five years, to lapse without any properly filed state post-conviction or other collateral review proceedings pending after his conviction was final and before he submitted his federal petition.  Included in this five year gap is the period of 444 days which passed after the AEDPA statute of limitations period expired on January 19, 2001, and before Fulton submitted his "extraordinary writ" to the state trial court on April 9,

---

[33]As noted above, his pursuit of a copy of his plea transcript did not impact the limitations period.

2002.[34]   Most significantly, Fulton allowed 1,084 days, almost three years, to lapse between finality of the denial of his 2005 Louisiana Supreme Court writ application and the submission to the state trial court of his motion to correct on November 18, 2008.[35]

The record establishes that, after his conviction became final, Fulton allowed substantially more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief.  His federal habeas corpus petition is clearly time-barred and must be dismissed for that reason.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Prince Fulton for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

---

[34]Fulton allowed another 180 days to pass after the denial of his related writ applications to the Louisiana First Circuit became final for AEDPA purposes on October 8, 2003. Another 35 days lapsed between finality of the trial court's ruling on his April 6, 2004, application to vacate and the submission of his motion to correct an illegal sentence on July 13, 2004.

[35]Another 23-day period passed between the Louisiana Supreme Court decision on April 9, 2010, and the mailbox rule filing date of his federal petition on May 3, 2010.

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[36]

New Orleans, Louisiana, this ___5th___ day of November, 2010.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[36]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.