UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PRINCE FULTON                                           CIVIL ACTION

VERSUS                                                  NO: 10-1504

LYNN COOPER (WARDEN)                                    SECTION: R(2)

## ORDER

    Before the Court is Prince Fulton's Petition for a Writ of Habeas Corpus.[1]  The Court, having reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

    Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*,

---

[1] R. Doc. 1.

the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Fulton's motion does not satisfy these standards. A petitioner must bring his Section 2254 petition within one year of the date his conviction became final. 28 U.S.C. § 2244(d). After his conviction became final, Fulton allowed substantially more than one year to lapse without any properly filed state post-conviction or other collateral review proceedings and without having filed a timely federal petition for habeas corpus relief. Thus, his federal habeas corpus petition is time-barred, and the issue would not engender debate among reasonable jurists.

Accordingly, Prince Fulton's petition for a writ of habeas

corpus is DISMISSED WITH PREJUDICE as time-barred.  The Court will not issue a certificate of appealability.


New Orleans, Louisiana, this ___20th___ day of January, 2011.


                    _____Sarah Vance_____

                           **SARAH S. VANCE**

                    **UNITED STATES DISTRICT JUDGE**